/

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Hezekiah Esau Baker ,

Plaintiff,

v.

Penny Opco LLC,

Defendant.

Case No. 2:26-cv-02455-APG-BNW

**ORDER**

Pro se plaintiff moves to proceed *in forma pauperis*. ECF Nos. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. His request to proceed *in forma pauperis,* therefore, will be granted. This Court now screens the complaint (ECF No. 1-11) as required by 28 U.S.C. § 1915(e)(2).

**1. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**2. Plaintiff's Allegations**

Plaintiff alleges the following. On July 14, 2026, he went to JCPenney (at 4400 Meadows Lane in Las Vegas, NV) to purchase garments. Plaintiff paid for them at the checkout counter and walked toward the Meadows Lane exit. As he was leaving, the store's security alarm activated, and store personnel detained him as a suspected shoplifter. During the detention, store personnel discovered that a security device remained concealed under the tag of a belt Plaintiff had purchased. Plaintiff, who describes himself as a dark-skinned African-American man, alleges he "may have fallen victim to racial profiling." He seeks $350,000 in damages.

**A. Negligence**

To state a claim for negligence under Nevada law, a plaintiff must allege (1) the existence of a duty of care owed by the defendant to the plaintiff, (2) breach of that duty, (3) legal causation, and (4) damages. *Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009). Even construed liberally, the complaint does not allege facts satisfying each element.

The complaint does not identify any duty of care owed by Defendant to Plaintiff. Plaintiff asserts that the associate "breached its duty by not properly processing" the transaction, but he never alleges the existence, source, or scope of the duty said to have been breached.

The remaining elements, for purposes of screening, are adequately pleaded and are not the basis for dismissal.

Given Plaintiff may be able to cure the identified deficiency, this Court will dismiss this claim with leave to amend.

**B. False Imprisonment**

Although the complaint does not use the label, this Court liberally construes Plaintiff's detention allegations as a claim for false imprisonment under Nevada law. Under Nevada law, an actor is subject to liability for false imprisonment if (a) he acts intending to confine the other within boundaries fixed by the actor, (b) his act directly or indirectly results in such confinement, and (c) the other is conscious of the confinement or is harmed by it. *Hernandez v. City of Reno*, 97 Nev. 429, 433, 634 P.2d 668, 671 (1981)

Plaintiff alleges that store personnel intentionally detained him as a suspected shoplifter at the Meadows Lane exit, which is a deliberate act intended to confine him. He alleges that the act resulted in his confinement, in that he was stopped. And he alleges that he was conscious of the detention and harmed by it, having been publicly detained and displayed as a shoplifter. Thus, Plaintiff has stated a plausible claim for false imprisonment, and this claim survives screening and may proceed.

**C. Racial Profiling**

"Racial profiling" is not itself a freestanding cause of action. Construed liberally, it is possible Plaintiff intends to assert a claim under Nevada's public accommodations statute, NRS 651.070, which entitles all persons to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination on the ground of race. A "place of public accommodation" is defined to include "[a]ny bakery, grocery store, clothing store, hardware store, shopping center or other sales or rental establishment," NRS 651.050(3)(f), and Defendant's department store falls within that definition.

Construed liberally, Plaintiff's allegations may be read as an attempt to allege that he was denied the full and equal enjoyment of Defendant's store on the ground of race. As pleaded, however, the claim does not satisfy the statute's central requirement—that the discrimination was "on the ground of race." Instead, Plaintiff alleges only that he "may had fallen victim to racial profiling. In turn, this Court dismisses the claim with leave to amend.

This Court will dismiss this claim but will allow Plaintiff the opportunity to amend in the event he's able to cure these deficiencies.

**D. “Fourth Cause of Action”**

The "Fourth Cause of Action" restates that Plaintiff was injured by the detention and describe the damages he seeks. A prayer for damages is a remedy, not a cause of action. Because these paragraphs allege no distinct legal wrong, this Court construes them as Plaintiff's damages allegations rather than as separate claims requiring independent screening.

**E. Leave to amend**

“Unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.” *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As a result, this Court will allow Plaintiff to file an Amended Complaint. Should he file an Amended Complaint, he must provide a short and plain statement of the relevant facts supporting each element of each claim in the amended pleading.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make Plaintiff’s amended complaint complete.

**3. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff’s application to proceed in forma pauperis (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

**IT IS FURTHER ORDERED** that the clerk of court must file Plaintiff’s complaint (ECF No. 1-1).

**IT IS FURHTER ORDERED** that Plaintiff’s claim for False Imprisonment survives screening.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are dismissed with leave to amend. If Plaintiff chooses to amend her complaint, he must do so by September 9, 2026. Failure to amend by this deadline will result in the case proceeding only on the claim identified above.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue a summons to Penny Opco LLC; (2) deliver the summons along with one copy of the Complaint (ECF No. 1-1) to the U.S. Marshal for service; and (3) mail Plaintiff one blank copy of Form USM-285. Once Plaintiff receives the USM-285 form, Plaintiff must fill in the defendant's last-known address so that the defendant may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until September 3, 2026, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

DATED: August 13, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE